Lieutenant Tanya Washington Little Rock Police Department 700 West Markham Little Rock, Arkansas 72201
Dear Lieutenant Washington:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on the release of your personnel records under the Arkansas Freedom of Information Act ("FOIA"). Specifically, correspondence attached to your request indicates that an individual has requested "anything releasable" regarding your employment with the City of Little Rock.
The custodian of the records has stated that it is her determination that "this includes your personnel record and is releasable with confidential information removed, including address, phone number, and social security number." The custodian has also stated that: "The only documents in your personnel record that are exempt from disclosure would be evaluation forms, unless they form a basis of a suspension or termination, or disciplinary actions unless they are suspensions and terminations that have reached final administrative resolution."
You state that the individual who has made the FOIA request "has been harassing [your] mother and family for the past three years." You also state that the requester has "signed a `No Contact Order' last month, which states that he is not to have contact with [your] mother or her family;" and that "the order is good until the court date which is some time this month."
You have asked that I "do anything [I] can to keep this . . . person from obtaining [your] personnel records. . . ."
RESPONSE
My statutory duty is to issue an opinion stating whether the custodian's decision with regard to release of personnel or evaluation records is consistent with the provisions of the FOIA. A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2005). I have not been provided with the records in question and as a consequence, cannot come to any definitive conclusions about the release of particular records. It is my opinion, however, that the custodian's decision in this instance is generally consistent with the FOIA. The custodian's determination to release "personnel record[s]" with "confidential information removed" is generally consistent with the FOIA. The custodian's decision with regard to the release of disciplinary actions and evaluation forms, which are characterized as "employee evaluation or job performance records" for purposes of the FOIA, is consistent with the FOIA as long as each element of the relevant test has been considered, including whether there is a compelling public interest in disclosure of such records.
As for the identity of the particular FOIA requester in this regard and any previous "No Contact" orders entered against him, I cannot conclusively opine as to the effect of any "No Contact" order without reference to its provisions. You have not enclosed any such documents for my review. I will note, however, that a requester of public records ordinarily does not make contact with the subject of those records, but, rather, directs his request to the custodian of the records, in this case an official of the City of Little Rock, who in turn, is required to contact you by providing you notice of the request. See A.C.A. §25-19-105(c)(3)(A). The City of Little Rock, as custodian of public records, is required to comply with the provisions of the FOIA and release non-exempt public records upon request. The identity of the requester is ordinarily not relevant to the analysis under the FOIA. Absent some controlling court order prohibiting the release of your personnel records to the individual in question, I cannot conclude that the custodian may withhold release of the records based upon the facts you have described.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003). Given that you are a city employee, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I noted in Op. Att'y Gen. 2005-057, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." There are several exemptions in the FOIA which are implicated in the context of the records requested.
The most notable exemptions include the exemption for "personnel records," which are generally open to public inspection and copying, except to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy" (A.C.A. §25-19-105(b)(12) (Supp. 2003)), and the exemption for "employee evaluation or job performance records," which are not open to public inspection and copying unless the following requirements have been met: (1) a final administrative resolution of any suspension or termination proceeding; (2) where the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) a compelling public interest in the disclosure of the records in question. A.C.A. §25-19-105(c)(1).
Additional exemptions exist for medical records, educational records, and home addresses. See A.C.A. § 25-19-105(b)(2) and (13). In addition, I have opined that social security numbers and home telephone numbers of police officers are exempt from disclosure. See Op. Att'y. Gen. No. 2001-080 (the social security number must be redacted anywhere it appears throughout the personnel documents in accordance with federal law, citing5 U.S.C. § 552a, note (the Federal Privacy Act);42 U.S.C. § 405(c)(2)(C)(viii) (a provision of the Social Security Act), and A.C.A. § 25-19-105(b)(12) (the personnel records exception); and Ops. Att'y Gen. 2005-202; 2003-115; 2002-087 and 2001-080 (as to redaction of home telephone numbers of law enforcement officers).
Although I have not reviewed the underlying records at issue, in my opinion the custodian's decision in this instance appears generally consistent with the provisions of the FOIA, under the criteria set out above. Under the personnel records exception, my predecessors and I have consistently opined that certain kinds of routine information about public employees is subject to inspection and copying under the FOIA with appropriate redactions, and is not shielded by the "personnel records" exception. See e.g., Op. Att'y Gen. 2005-011. I should note, however, that any release of "employee evaluation and job performance records" under the test set out above must be supported by a "compelling public interest in disclosure," a portion of the test omitted from the custodian's recitation set out earlier.
With regard to the particular identity of the requester in this instance and any "No Contact" order entered against him, I cannot determine the effect of any such court order without reference to its provisions. You have not enclosed any such documents for my review. There is an exemption in the FOIA for documents "protected from disclosure by order or rule of court." A.C.A. §25-19-105(b)(8) (Supp. 2005). I cannot determine in this instance, however, whether any court order prohibits the release of your personnel records. An FOIA request is ordinarily directed by the requester to the custodian of the records, not to thesubject of the records. As such, an FOIA request would not ordinarily involve "contact" between the requester and the affected employee. Of course, the custodian has an obligation to make contact with the employee to notify the employee that the request has been made. See A.C.A. § 25-19-105(c)(3)(A). The City of Little Rock, as custodian of public records, is required to comply with the provisions of the FOIA and release non-exempt public records upon request. Absent some controlling court order prohibiting the release of your personnel records to the individual in question, I cannot conclude that the custodian is authorized to withhold release of the records based upon the facts you have described.
In this regard, the identity of the FOIA requester is not ordinarily pertinent to the analysis in applying the provisions of the FOIA. As I stated in Op. Att'y Gen. 2004-255, quoting
Op. Att'y Gen. No. 2002-087:
 [T]he long-held view [is] that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See Op. Att'y. Gen. 2002-067 (". . . the balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought"). See also, Ops. Att'y Gen. 1998-186; 96-309; 92-289 and Watkins, THE FREEDOM OF INFORMATION ACT at 76 (m m Press, 3rd ed. 1998). The United States Supreme Court in Department of Defense v. FLRA, supra cited with approval language of an earlier case, Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749
(1989), to this effect: "`whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm., 489 U.S., at 771. Because Congress clearly intended the FOIA `to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . . `the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" 510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499. "Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to `the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
Id. at 4-5, quoting Op. Att'y Gen. 2002-087 at 5-6.
This issue was also discussed in Op. Att'y Gen. 2003-325, wherein I stated:
 With regard to your contention that these records were not requested for the purpose of obtaining information about the workings of government, but rather for the purpose of harassing the employees in question, I must point out the long-held view that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See, e.g., Op. Att'y Gen. No. 2002-067 ("[T]he balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought."). Accord, Ops. Att'y Gen. Nos. 2002-087; 98-186; 96-309; 92-289 and Watkins, The Freedom of Information Act at 76 (m m Press, 3rd ed. 1998). This view is supported by U.S. Supreme Court precedent.
Id. at 3.
In my opinion, therefore, although I have not reviewed the records in question, and assuming there is no contrary court order, the custodian's decision is consistent with the FOIA as explained above.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh